## SEFF v. GENERAL OUTDOOR ADVERTISING CO. et al.

### Civ. No. 25967.

United States District Court
N. D. Ohio, E. D.
July 2, 1951.

See, also, D.C., 11 F.R.D. 596.

---

Samuel T. Gaines, Cleveland, Ohio, Carl M. Myers, Akron, Ohio, for plaintiff.

Raymond T. Jackson, Cleveland, Ohio, for General Outdoor Advertising Co.

Fred J. Perkins—McKeehan, Merrick, Arter & Stewart, all of Cleveland, Ohio, for Outdoor Advertising, Inc.

Ernest Scott, Philadelphia, Pa., for Central Outdoor Advertising Co., Inc.

JONES, Chief Judge.

This is a private anti-trust action. Defendants are charged with conspiracy "to place unlawful restraints upon the trade and commerce in outdoor advertising between and among the several states", and with directing such conspiracy against plaintiff by the use of their position in non-competitive situations to influence the competitive situation in which plaintiff conducts his business.

To prepare his case and to facilitate proof of his charges at trial, plaintiff has directed 38 interrogatories to defendant, Central Outdoor Advertising Company. These interrogatories relate to ownership and control of "Central", to its business operations, to its competition, if any, with defendant, General Outdoor Advertising Company, and to its connection, if any, with the Harry H. Packer Company.

Defendant "Central" objects to Interrogatories 20 to 31, inclusive, and to additional Interrogatories 1 and 2, on the ground that:

(1) Interrogatories 20 to 24 and additional Interrogatories 1 and 2 relate to matters not relevant to the subject matter of the action, and

(2) Interrogatories 25 to 31 are too broad and will require defendant "Central" to divulge confidential information and to engage in extensive research to compile the data which is sought.

Interrogatories 20 to 24 and additional Interrogatories 1 and 2 seek information concerning a possible connection between "Central" and the Harry H. Packer Company or companies designated "A Packer Operation". This information relates to the extent of defendants' control of the outdoor advertising industry. It may lead to the discovery of relevant evidence. It is therefore within the scope of discovery permitted by Fed.Rules Civ.Proc. rule 26 (b), 28 U.S.C.A.

Interrogatories 25 to 31 seek information concerning "Central's" activities on behalf of advertisers in subletting poster advertising business. This information in its broadest aspect is clearly relevant. The conspiracy presently alleged and its impact upon plaintiff's business can best be seen by an analysis of the background and extent of defendants' business operations.

Defendant "Central's" further objections to interrogatories 25 to 31 also must be overruled.

Defendant's answer shows that it presumably has the information called for, and it would not require an "excessive or oppressive amount of research or compilation of data at great expense" to disclose it. See Moore's Fed. Practice, 2nd Edition, Section 33.20 and the cases cited there. That the information is possibly confidential is not a valid objection where, as here, it clearly is relevant and material.

Objections overruled.